UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID M. MORRIS, individually
and on behalf of all others
similarly situated,

      Plaintiff,

v.                                                                    CASE NO: 2:24-cv-985-SPC-NPM

THE CHARLES SCHWAB
CORPORATION and CHARLES
SCHWAB & CO., INC.,

      Defendants.

_____/

## **ORDER**

Before the Court are Plaintiffs and Proposed Intervenors Mary Loughran, Rosemary Orlando, Donald Saunders, Michael Davis, and Terrance "TJ" McDonald's (collectively, "Proposed Intervenors") Motion to Intervene and to Transfer This Action to the Central District of California (Doc. 13) and Plaintiff David M. Morris's, individually and on behalf of all others similarly situated, response (Doc. 15). Defendants The Charles Schwab Corporation and Charles Schwab & Co., Inc. (jointly, "Defendants") did not file a response.[1] For the following reasons, the Court grants the motion to intervene and transfer.

---

[1] Proposed Intervenors state that they conferred with Defendants, and the parties did not agree to a resolution of the motion. (Doc. 13 at 33).

Morris alleges that Defendants breached their contractual and fiduciary duties to their customers by sweeping uninvested cash in their customers' brokerage accounts to deposit accounts held at affiliated banks that paid unreasonably low, below-market rates of interest. (Doc. 1). Proposed Intervenors are plaintiffs represented by Interim Class Counsel in *In re Charles Schwab Cash Sweep Litigation*, No. 2:24-cv-07344-MRA-E (C.D. Cal.) ("Schwab Litigation"), a consolidated proposed class action pending against Defendants in the Central District of California since August 2024. Like Morris's lawsuit, their case concerns the underpayment of interest to customers who were enrolled in the cash sweep programs. However, *Morris* is narrower because the proposed class is limited to Schwab clients with retirement accounts.

There are more than thirty such class actions pending across the country. The United States Judicial Panel on Multidistrict Litigation ("JPML") has under advisement a motion to transfer and consolidate the cases—including this one—under 28 U.S.C. § 1407. *See In Re Cash Sweep Programs Contract Litig.*, MDL No. 3136 (J.P.M.L. Oct. 30, 2024).

On November 25, 2024, United States Magistrate Judge Nicholas P. Mizell stayed and administratively closed this case pending a decision by the JPML or a decision on a motion by either party in the Schwab Litigation to transfer this matter. (Doc. 12). That same day, Proposed Intervenors filed this

motion, seeking to intervene for the limited purpose of requesting transfer of the case under 28 U.S.C. § 1404 to the Central District of California for consolidation with the Schwab Litigation—the first-filed action.  (Doc. 13).

Federal Rule of Civil Procedure 24(a) provides that, upon timely motion, a party may intervene as of right if that party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).  And under Federal Rule of Civil Procedure 24(b), a court may allow anyone who timely moves to intervene in an action so long as they "[have] a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  Courts allow intervention in class actions liberally because of the policy expressed by Rule 23, which provides that the "court may issue orders . . . to protect class members and fairly conduct the action."  Fed. R. Civ. P. 23(d)(1).

Intervention as of right under Rule 24(a)(2) must be granted when the party seeking to intervene demonstrates: "(1) that the intervention application is timely; (2) that an interest exists relating to the property or transaction which is the subject of the action; (3) that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest; and (4) the existing parties to the lawsuit inadequately represent the interests."

*Nat'l Parks Conservation Ass'n v. U.S. Dep't of Interior, Nat'l Park Serv.*, 2012 WL 1060144, at *2 (M.D. Fla. Mar. 29, 2012). "If each of the four requirements are met, the court must allow the party to intervene in the action." *Id.*

Here, Proposed Intervenors are entitled to intervention as of right. First, their motion is timely. It was filed within weeks of the commencement of this action; the pretrial conference has not occurred; Defendants have not filed an answer; and no discovery has been conducted. *See Collegiate Licensing Co. v. Am. Cas. Co.*, 713 F.3d 71, 76 (11th Cir. 2013) (intervention was timely "because the lawsuit was still in its beginning stages and intervention would not cause any prejudice to the existing parties").

Next, the Proposed Intervenors have a "significantly protectable" interest that may be impaired by the disposition of this case. The Schwab Litigation class encompasses the proposed class here, and Proposed Intervenors are prosecuting substantially overlapping claims.

Finally, Proposed Intervenors' interests are not adequately represented here. The Schwab Litigation is the first-filed case, and the judge there consolidated the related actions and appointed Interim Class Counsel to ensure that the claims are properly managed prior to class certification.

Next, the Court considers whether transfer is appropriate. It is. "The decision to transfer a case to another district is left to the sound discretion of the trial court." *Mitchell v. Edwards*, 2009 WL 10667876, at *1 (M. D. Fla.

Aug. 21, 2009) (quoting *Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991)).  An action may be transferred to another district under § 1404 if the action "might have [originally] been brought" in the other district and transfer would be in the interests of convenience and justice.  *See, e.g.*, *Hampton-Muhamed v. James B. Nutter & Co.*, 687 F. App'x 890, 892 (11th Cir. 2017).

Without question, this case could have been brought in the Central District of California.  Numerous related class actions *were* filed there, as Defendants are subject to that court's jurisdiction.  The Charles Schwab Corporation has substantial business operations there, and California is Charles Schwab & Co. Inc.'s state of incorporation.  (Doc. 13 at 22 (citing Exs. E, F)).  Both Defendants regularly litigate in the Central District of California.  (*Id.*)

Moreover, transfer is in the interests of convenience and justice.  The Schwab Litigation already represents the consolidation of several related cases, combined to promote judicial economy and conserve both the court's and the parties' resources.  (*See* Schwab Litigation, Doc. 29 at 4).  If the Court did not transfer this case, it could result in conflicting rulings on critical issues.  And Proposed Intervenors emphasize that allowing this case to proceed parallel to the Schwab Litigation "would undermine the leadership appointment" in that case.  (Doc. 13 at 23).

Morris argues that the Court should not act on the motion. (Doc. 15 at 4). Instead, he argues that the Court should wait for the JPML to rule, lift the stay, and then consider the instant motion. But why wait? *See, e.g., Williams v. Delta Air Lines, Inc.*, 2009 WL 2256018, at *3 (M.D. Fla. July 28, 2009) (rejecting plaintiff's argument that "the Court take no action on the Motion to Transfer" pending the outcome of the MDL Motion because "expediency is not served by waiting for a Panel decision"). As Proposed Intervenors point out, transfer under § 1404 is preferable to § 1407 centralization because the former transfer is for all purposes, including trial. (Doc. 13 at 26 (citing *In re Gerber Probiotic Prods. Mktg. & Sales Pracs. Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012))). By contrast, § 1407 transfer permits transfer for pre-trial purposes only, and transferred cases must be remanded to their originating courts absent a waiver. (*Id.*). Under these circumstances, § 1404 provides the more streamlined option.

Having considered the parties' arguments, the Court concludes that transfer to the Central District of California under § 1404 is the best course.

Accordingly, it is

**ORDERED**:

1. The Clerk is **DIRECTED** to reopen this case and lift the stay (Doc. 12).

2. Plaintiffs and Proposed Intervenors' Motion to Intervene and to Transfer This Action to the Central District of California (Doc. 13) is **GRANTED**.

3. This case is **TRANSFERRED** to the United States District Court for the Central District of California for consolidation with *In re Charles Schwab Cash Sweep Litigation*, No. 2:24-cv-07344-MRA-E (C.D. Cal).

4. The Clerk is **DIRECTED** to **TRANSFER** this case to the United States District Court for the Central District of California and **CLOSE** the Fort Myers Division file.

**DONE and ORDERED** in Fort Myers, Florida on December 16, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record